PLOTKIN, Judge,
dissents with written reasons:
Despite the majority’s attempt to distinguish the two cases, I believe that the decision in the instant case is in direct conflict with this court’s interpretation of LSA-R.S. 9:2800.6(C) in Manieri v. National Tea Co., 573 So.2d 1268 (La.App. 4th Cir.1991), wherein we established a shifting burden of proof in cases involving accidents in retail stores. Because I believe that Manieri mandates reversal in the instant case, I respectfully dissent.
The Manieri case, which is now the law in this circuit, states explicitly that, under the new law, when the plaintiff fails to prove that the hazard was actually caused by the defendant’s employees, the defendant “is only required to introduce the testimony of those employees or management personnel whose job responsiblities included inspection or cleanup” of the area involved, in order to exculpate itself from liability. Id. at 1272.
In the instant case, the plaintiff certainly did not prove that any of Schwegmann’s employees actually created the hazard, thus the above standard applies to the defendant. Since Schwegmann presented the testimony of Michelle Clavin, the porterette responsible for the subject area, and since Michelle testified that she had just inspected the area where plaintiff’s fall occurred, the defendant met the burden required to exonerate itself under the circumstances. Additionally, Schwegmann presented the log sheets to further substantiate its position. Under the new law, as previously interpreted by this circuit in Manieri, that is sufficient. Thus, the trial court judgment should be reversed.
The majority concludes that the Manieri case is different from the instant case because “there was no direct testimony by an Schwegmann employee [in this case] that this area had been clean [sic] within minutes preceding the accident.” Certainly *975 that statement is factually true. However, there is testimony in the instant case that the area had been inspected immediately prior to the plaintiff’s accident and that the porterette was cleaning a spill in the same aisle at the time of the plaintiff’s fall. There is no requirement that retail merchants clean every area of their establishment at regular intervals. Under the standard established by Manieri, the merchant “is only required to introduce the testimony of those employees or management personnel whose job responsibilities included inspection or cleanup of” the area where the accident occurred. 573 So.2d at 1272. The majority’s distinction creates a different standard, which could be interpreted to require that all retail establishments constantly clean the aisles where customers shop, which could result in even more accidents than would otherwise occur because of the constantly wet floors.
Additionally, the majority claims that the testimony of the defendant’s witnesses was “conflicting in several respects” without specifying the exact conflicts or the legal significance of those alleged conflicts.
I agree with the majority’s conclusion that the trial court correctly concluded that the plaintiff’s testimony was sufficient to meet the burden of proving that liquid on the floor created an unreasonably dangerous condition. However, I disagree with the conclusion that the trial court correctly concluded that the defendant failed to present evidence to exculpate itself. Thus, I dissent.